2026 IL App (1st) 241851-U

SECOND DIVISION
July 28, 2026

No. 1-24-1851

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 99CR25318 |
| | ) | |
| WILLIE BISHOP, | ) | Honorable |
| | ) | Nicholas Kantas, |
| Defendant-Appellant. | ) | Judge Presiding. |

---

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the trial court's dismissal of defendant's postconviction petition because defendant failed to rebut the presumption that his postconviction counsel provided reasonable assistance under Illinois Supreme Court Rule 651(c).

¶ 2    Defendant Willie Bishop appeals from the trial court's denial of postconviction relief following a third stage evidentiary hearing and argues that his postconviction counsel provided unreasonable assistance under Illinois Supreme Court Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)). Specifically, defendant contends that postconviction counsel's Rule 651(c) certificate was facially deficient, negating a presumption of compliance with the rule.

¶ 3      Following a jury trial, defendant was convicted of first degree murder in the June 1998 shooting death of Corey Boston. He was subsequently sentenced to 40 years in prison. We recount the evidence presented at defendant's jury trial only as necessary for our resolution of the issue raised on appeal. A full discussion of the evidence presented at defendant's trial is set forth in defendant's direct appeal. See *People v. Bishop*, No. 1-02-1900 (2005) (unpublished order pursuant to Supreme Court Rule 23).

¶ 4      Defendant's conviction stemmed from a series of gang-related events during which the victim was shot and killed on June 26, 1998. Around midnight that evening, defendant, codefendant Pierre James, and a third individual arrived in the area near 112th Place and Racine Avenue in Chicago. Marvin Dixon was standing nearby while Tyrice Jones was sitting in his car. The victim was sitting in his car parked behind Jones's car. Ed Calmes was also nearby on his front porch. Defendant, codefendant, and the third individual fired shots at Dixon and then approached the victim's car. They fired their guns into the victim's car, killing him. At trial, Calmes and Dixon were only able to identify codefendant as one of the three men. Jones identified both defendant and codefendant. The third individual was never identified. Jones knew both defendant and codefendant from the neighborhood and had known defendant for two years. See *id*. at 2-3.

¶ 5      On direct appeal, defendant argued that: (1) the trial court erred in denying his motion to sever his trial from codefendant's trial ; (2) the trial court erred in admitting a picture of his tattoo into evidence; (3) the trial court erred in admitting other crimes evidence; (4) the trial court erred in admitting gang-related evidence; (5) the trial court erred in restricting defense counsel's cross-examination of Jones; (6) the jury instruction regarding eyewitness testimony misstated the law; (7) several of the prosecutor's comments in closing arguments were prejudicial; and (8) he

was denied a fair trial based on the cumulative effect of the errors. The reviewing court affirmed defendant's conviction and sentence. See *id*. at 5-20.

¶ 6       Defendant filed his initial *pro se* postconviction petition in March 2006, alleging ineffective assistance of trial and appellate counsel. The petition was advanced to the second stage and counsel was appointed. *People v. Bishop*, 2012 IL App (1st) 100368-U.

¶ 7       While his postconviction petition was pending, defendant filed a petition for writ of *habeas corpus* in February 2007, which the federal district court denied without prejudice finding that defendant had not exhausted all state remedies. *U.S. ex rel. Bishop v. McCann*, 2007 WL 2893632 (N.D.Ill. 2007).

¶ 8       After postconviction counsel filed an amended petition, the trial court advanced to an evidentiary hearing a claim that trial counsel was ineffective for failing to present testimony from an alibi witness. The trial court subsequently denied defendant's petition following an evidentiary hearing, and that denial was affirmed on appeal. *Bishop*, 2012 IL App (1st) 100368-U, ¶ 56.

¶ 9       In May 2014, defendant and codefendant filed a joint *pro se* successive postconviction petition and alleged the State willfully suppressed evidence that the State reduced criminal charges for witnesses Dixon, Jones, and Calmes in exchange for their "knowingly perjured" trial testimony. They also alleged ineffective assistance of trial counsel for failing to interview a witness and investigate the extent of the deals made with the State's witnesses. The trial court granted leave to file the successive petition and appointed the public defender in September 2014.

¶ 10      Defendant retained private counsel in August 2015. At a February 2016 status hearing, postconviction counsel informed the court, "This is a successive postconviction petition. It needs

a lot of work. It's not even close to being ready." In October 2016, counsel indicated to the court that defendant and codefendant would be filing separate amended petitions.

¶ 11     Counsel filed defendant's amended successive petition in January 2018, alleging a new claim of actual innocence based on Jones's recantation of his identification of defendant as one of the offenders. In an attached affidavit, Jones stated that he falsely identified defendant and codefendant as the shooters "to stay out of jail." He also stated that the detectives on defendant's case later helped Jones when he was arrested because Jones had agreed to testify against defendant. The State moved to dismiss, and the trial court advanced the actual innocence claim to an evidentiary hearing and dismissed all other claims.

¶ 12     At the evidentiary hearing, the parties stipulated that Jones was deceased. Defendant offered multiple exhibits at the hearing, including Jones's affidavit. He also presented an affidavit from Rodney Woods, who stated that Jones was his cousin. Several years earlier, defendant reached out to Woods because defendant knew Woods was Jones's cousin. Jones told Woods that defendant did not deserve to be in prison, which Woods understood to mean that Jones did not think defendant committed the murder. Woods asked Jones if he was willing to help defendant and Jones then signed the affidavit on defendant's behalf.

¶ 13     In June 2024, the trial court entered a written order finding that defendant had failed to present sufficient evidence to undermine confidence in his conviction and then dismissed defendant's petition.

¶ 14     On appeal, defendant argues that his postconviction counsel provided unreasonable assistance by filing a "facially deficient" Rule 651(c) certificate. The State responds that postconviction counsel provided reasonable assistance and his certificate substantially complied with Rule 651(c). We note that defendant has not challenged the denial of his postconviction

4

petition on the merits. Therefore, he has forfeited any argument that his claims of constitutional deprivation were meritorious. *People v. Cotto*, 2016 IL 119006, ¶ 49; Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing").

¶ 15 The Post-Conviction Hearing Act (Act) allows a defendant to challenge a conviction based on a violation of their rights under the United States Constitution or the Illinois Constitution or both. 725 ILCS 5/122-1(a) (West 2018); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). A proceeding brought under the Act is not an appeal of a defendant's underlying judgment, instead it is a collateral attack on the judgment. *People v. Evans*, 186 Ill. 2d 83, 89 (1999). While this case is before us following a third-stage evidentiary hearing, defendant's claim on appeal focuses solely on his postconviction counsel's representation during second-stage proceedings.

¶ 16 The right to counsel in proceedings under the Act is not a constitutional right, but strictly a matter of legislative grace derived from the Act. *People v. Huff*, 2024 IL 128492, ¶ 21 (citing *People v. Custer*, 2019 IL 123339, ¶ 30). Further, a postconviction defendant is entitled to only a reasonable level of assistance, which is a standard lower than that provided by the federal or state constitutions. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 17 "Rule 651(c) limits the duties postconviction counsel must undertake at the second stage of proceedings." *People v. Urzua*, 2023 IL 127789, ¶ 54. Pursuant to Rule 651(c), postconviction counsel may file a certificate stating that he or she (1) consulted with the defendant to ascertain his contentions of the deprivation of a constitutional right, (2) examined the record of the proceedings at the trial, and (3) amended the defendant's *pro se* petition, if necessary, to ensure that the defendant's contentions are adequately presented. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

Substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Counsel is not required to mirror the rule's language in his or her certificate. *People v. Landa*, 2020 IL App (1st) 170851, ¶ 45. Rather, the certificate must substantially demonstrate that counsel performed the duties required by the rule. *Id*. ¶ 49.

¶ 18    Once postconviction counsel has filed a Rule 651(c) certificate, a rebuttable presumption arises that postconviction counsel provided reasonable assistance. *Custer*, 2019 IL 123339, ¶ 32. The burden is on the defendant to overcome this presumption by demonstrating his postconviction counsel failed to substantially comply with the duties mandated by Rule 651(c). *People v. Addison*, 2023 IL 127119, ¶ 21. We review whether postconviction counsel substantially complied with Rule 651(c) *de novo. People v. Bass*, 2018 IL App (1st) 152650, ¶ 13. Under a *de novo* standard, we give no deference to the trial court's judgment or reasoning. *People v. Carlisle*, 2019 IL App (1st) 162259, ¶ 68.

¶ 19    Here, postconviction counsel filed his Rule 651(c) certificate with the amended petition and stated as follows.

> "Pursuant to Illinois Supreme Court Rule 651(c), undersigned counsel certifies that he has reviewed the records, relating to Willie Bishop's trial, postconviction proceedings and appeals, and has consulted with petitioner Willie Bishop concerning the content of the foregoing Amended Successive Postconviction Petition with supporting Affidavit. Undersigned counsel certifies that he has communicated with Willie Bishop countless times via U.S. Mail concerning every aspect of the foregoing Amended Successive Postconviction Petition, with supporting Affidavit."

¶ 20    While postconviction counsel's certificate does not mirror the language of Rule 651(c),

his statements, taken in totality, were sufficient to show that counsel fulfilled his duties under Rule 651(c). Because counsel's certificate comported with Rule 651(c), we start with the rebuttable presumption that counsel provided defendant with reasonable assistance. *Custer*, 2019 IL 12339, ¶ 31.

¶ 21 Defendant asserts that postconviction counsel failed to substantially comply with Rule 651(c) in two ways. First, counsel's certificate failed to certify that he adequately examined the record of the proceedings at the trial. According to defendant, counsel's "generic assertion" that he reviewed "the records, relating to Willie Bishop's trial, postconviction proceedings and appeals" was "not a clear and affirmative showing" that counsel reviewed all of the records related to defendant's claims. Defendant contends that counsel's statement was not sufficient "particularly where counsel did not specify which pages he reviewed." However, such a "clear and affirmative showing" is only required when counsel did not file a Rule 651(c) certificate, and thus, this showing was not necessary here. *People v. Richardson*, 382 Ill. App. 3d 248, 256 (2008) (citing *People v. Suarez*, 224 Ill. 2d 37, 46 (2007)).

¶ 22 Postconviction counsel's statement that he reviewed defendant's trial record substantially complies with Rule 651(c). Postconviction counsel is required to examine as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the defendant. *People v. Davis*, 156 Ill. 2d 149, 164 (1993). Here, counsel stated that he reviewed defendant's trial record, as well as his appellate and postconviction records. Defendant fails to specify any portion of the record that counsel failed to review in order to present his postconviction claims.

¶ 23 None of the cases cited by defendant require counsel to provide a "clear and affirmative" showing in his certificate or to itemize what he reviewed in the record. See *People v. Smith*, 2016

IL App (1st) 240085, ¶¶ 33-34 (counsel did not file a Rule 651(c) certificate before seeking to withdraw and the record did not support substantial compliance); *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 18 (finding that while Rule 651(c) does not suggest a comprehensive recounting of all of a postconviction counsel's efforts, "good practice and completeness" suggests that counsel should indicate his or her review of the specific exhibits identified in the defendant's petition); *People v. Brown*, 52 Ill. 2d 227, 230 (1972) (finding there was nothing in the record to show that appointed counsel examined the record of the defendant's trial proceedings). Additionally, defendant's citation to *People v. Appelgren*, 377 Ill. App. 3d 137 (2007) is easily distinguishable, as *Appelgren* did not involve a post-conviction petition or a Rule 651(c) certificate. Instead, on direct appeal, the *Appelgren* court found that the loss of an audiotape which "form[ed] the basis of [the defendant's] conviction," was due to no fault of the defendant, and the loss deprived the defendant of a sufficient record to permit "a proper and full consideration of his claims" on appeal. *Id.* at 140-45.

¶ 24 Moreover, and contrary to defendant's claims, the record clearly shows that postconviction counsel thoroughly reviewed the record in preparing the amended petition. Counsel informed the court at a February 2016 status hearing that the petition needed "a lot of work." He later stated that defendant would be filing a separate amended petition from codefendant. Further, codefendant's counsel informed the court in January 2017 that he was working through the 27-volume record and defendant's counsel had not looked at the record yet. Postconviction counsel subsequently filed an amended petition and raised a claim of actual innocence. Counsel supported this claim with an affidavit from Jones recanting his identification of defendant as one of the perpetrators. Counsel then argued against the State's motion to dismiss and proceeded to a third-stage evidentiary hearing on this actual innocence claim. Counsel

demonstrated that he fully reviewed the necessary portions of defendant's trial record.

¶ 25    Second, defendant asserts in a single sentence that counsel's Rule 651(c) certificate failed to specify that he made any necessary amendments for an adequate presentation of defendant's contentions. See Ill. S. Ct. R. 651(c). Defendant does not cite any authority on this point or make any additional argument to detail this alleged error. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant to adequately develop his argument with citation of relevant authority. It is well settled that conclusory contentions unsupported by argument violate Rule 341(h)(7) and are deemed forfeited. *People v. Redmond*, 2025 IL App (1st) 231795, ¶ 45. Thus, this claim has been forfeited.

¶ 26    Forfeiture aside, defendant cannot rebut the presumption of substantial compliance and offers no discussion that counsel failed to make a necessary amendment. Postconviction counsel stated in his certificate that he consulted with defendant about the content of the amended petition and he communicated with defendant "countless times" about "every aspect" of the amended petition. Strict compliance with Rule 651(c) is not required, substantial compliance is sufficient to satisfy the rule. *Richardson*, 382 Ill. App. 3d at 257. Defendant does not assert that counsel was unreasonable in failing to amend his *pro se* claims, rather he simply concludes that counsel's certificate failed to specify that he made any necessary amendments. Postconviction counsel was not obligated to amend or supplement frivolous claims. *Huff*, 2024 IL 128492, ¶ 22; *People v. Greer*, 212 Ill. 2d 192, 205 (2004). As discussed above, counsel filed an amended petition with an actual innocence claim, which advanced to an evidentiary hearing. The record shows that counsel substantially complied with Rule 651(c).

¶ 27    Further, the cases relied on by defendant are easily distinguishable. See *Addison*, 2023 IL 127119, ¶¶ 24-25 (postconviction counsel did not provide reasonable assistance where counsel's

9

amendments eliminated necessary allegations leaving the claims subject to forfeiture); *People v. Hawkins*, 2020 IL App (3d) 160682, ¶¶ 17-18 (postconviction counsel did not file a Rule 651(c) certificate before seeking to withdraw and the record was unclear if counsel viewed a video before informing the trial court there were no unresolved and nonfrivolous arguments remaining); *People v. Mason*, 2016 IL App (4th) 140517, ¶¶ 24-25 (postconviction counsel filed a certificate under Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)) rather than Rule 651(c) and the reviewing court had no statements on the record indicating whether counsel spoke with the defendant about his claims or reviewed the necessary records); *People v. Jennings*, 345 Ill. App. 3d 265, 272 (2003) (counsel did not file a Rule 651(c) certificate and the reviewing court found counsel failed to make the necessary amendments to the defendant's petition for adequate presentation of the defendant's claims).

¶ 28    Given the record before us, it is clear that postconviction counsel provided reasonable assistance. Counsel's certificate substantially complied with Rule 651(c) showing that he reviewed the record, consulted with defendant, and made necessary amendments. Significantly, counsel reviewed the record before raising the claim of actual innocence supported by an affidavit from an eyewitness recanting his identification of defendant, which then advanced to an evidentiary hearing. Accordingly, defendant has failed to rebut the presumption that postconviction counsel provided reasonable assistance and no error occurred in the dismissal of defendant's postconviction petition.

¶ 29    Based on the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 30    Affirmed.